# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| NUTRIEN AG SOLUTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV. ACT. NO. 1:19-cv-578-TFM-MU |
| ) | |
| WAYNE DYKES, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court are *Plaintiff's Motion for Leave to Place Exhibits Under Seal* (Docs. 61, 66 filed 06/10/21; 07/07/21). The first motion, filed in support of *Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Partial Summary Judgment* (Doc. 60, filed 06/02/21), moves this Court to place Exhibits A, B, and C under seal. *See* Docs. 60-1, 60-2, 60-3. The second motion, filed in support of *Plaintiff's Opposition to Defendant's Motion for Summary Judgment* (Doc. 64, filed 07/01/21), moves this Court to place Exhibits A, C, and D under seal. *See* Docs. 65-1, 65-3, 65-4. In both motions, Plaintiff reasserts arguments that were raised in *Plaintiff's Response to Defendant's Response to Order Regarding Motion for Leave to Seal Exhibits* (Doc. 59) and analyzed pursuant to the standards setforth in *Chicago Tribune v. Birdgestone/Fire, Inc.*, 263 F.3d 1304 (11th Cir. 2001) and *Romero v. Drummond Co.*, 480 F.3d 1234 (11th Cir. 2007). Specifically, Plaintiff argues that the respective exhibits contain excerpts of Kyser's, Ward's, and Chase's depositions. Docs. 61, 66 at ¶¶ 5. These transcripts concern Ward's nonpublic personal information which generally includes information concerning Ward's financial assets, liabilities, debts, credit history and credit status with Nutrien and other creditors, and general information concerning the financial history of Ward's farming operations over the

course of the last decade.  This Court issued an order addressing the sealed documents issue on June 10, 2021.  *See* Doc. 62.  Accordingly, the Court finds that the exhibits Plaintiff is moving to have sealed are "documents involving Ward's finances" and therefore subject to and consistent with this Court's previous order.[1]  For good cause shown, it is **ORDERED** that the motions are **GRANTED**.[2]

    **DONE** and **ORDERED** this the 5th day of August, 2021.

                              s/Terry F. Moorer
                              TERRY F. MOORER
                              UNITED STATES DISTRICT JUDGE

---

[1] *See* Doc. 62 at 3 – 4. ("In light of Nutrien's argument, the Court finds good cause merit the exhibits remaining sealed for now.  However, contrary to Plaintiff's request, the Court may not be able to allow the exhibits to remain fully sealed indefinitely.  When the Court takes the pending motions for summary judgment under submission, if the Court's opinion relies on evidence from the exhibits, the Court may require the Parties to file a redacted version of the exhibits for public use.  The Court finds that filing exhibits with the nonpublic personal information redacted is an available remedy that may not be time and cost-efficient, but is not an unduly onerous alternative to sealing the documents…This ruling is specific to documents involving Ward's finances.")

[2] The Court notes that Plaintiff moves for Exhibits A, B, and C to be placed under seal indefinitely and moves for Exhibits A, C, and D to be placed under seal so long as the Court deems necessary. *See* Docs. 61, 66 at 6.  All Exhibits are placed under seal until the Court takes the pending motions for summary judgment under submission. If the Court relies on evidence from the exhibits, the Court may require the Parties to file a redacted version of the exhibits for public use.